CHASEZ, Judge.
Clifford Plart, plaintiff in this suit, seeks Workmen’s Compensation for total and permanent disability from his former employer, defendant, Plastic Applicators, Inc., and the emp^er’s insurer, defendant, Phoenix Insurance Company.
Plaintiff alleged and has proved the occurrence of two incidents of inhalation of hot acid, paint or similar fumes during his employment, in May and September of 1960. The exact nature of the fumes was not shown. These two incidents caused plaintiff to experience shortness of breath, coughing and like symptoms; however, medical examination at the time indicated no serious damage and plaintiff was able on each occasion to return to work almost immediately.
Plaintiff continued to work until December, 1960, when he required hospitalization for an unrelated surgical procedure. Plaintiff did not return to work following recovery from that operation.
Plaintiff has also proven, and defendants’ medical experts agree, that plaintiff is now totally and permanently disabled from working in the type of atmosphere found in an industrial plant where work like plaintiff’s work is done. The work involved cleaning of pipes in hot acid baths followed by caustic baths, and the application of a primer coat of plastic or plastic paint to the cleaned pipes. Also immediately at hand, and contributing to atmospheric conditions, was a blast oven operated at 450° F., and employing fine blasting sand. All medical experts concur that plaintiff should not attempt to work in similar circumstances, and that a prospective employer should not hire plaintiff for such work.
The principal question in this case is whether the two incidents of fume inhalation shown, or those coupled with the ordinary presence of such fumes in smaller amounts in the atmosphere in plaintiff’s place of employment, caused the disabling condition plaintiff now suffers.
Plaintiff’s condition itself is described by his expert, Dr. Ziskind, as a chronic asthmatic bronchitis. Dr. Ziskind distinguished this condition from pure bronchial asthma, which is caused by allergenic substances and typically manifests itself in childhood or early adulthood. Based on plaintiff’s declaration to him that plaintiff had had no symptoms whatever prior to May, 1960 (the date of the first fume inhalation), Dr. Zis-kind concluded that it is possible that the fumes could have caused plaintiff’s bronchial condition. However, he ruled out the possibility that the fumes could have been inhaled in such massive quantity as to cause a chemical burn, because plaintiff would have been seriously ill for at least two weeks. Dr. Ziskind also did no allergy *239 tests. When informed that allergy tests had shown plaintiff strongly allergic to house dust, he expressed the opinion that plaintiff did not present a simple case of house dust asthma.
Defendants’ experts, particularly Drs. Cohen and Nadler, describe plaintiff’s condition as pure house dust asthma. This condition, they testify, presents a picture of progressively worse symptoms. In its earlier stages, its symptoms may be unnoticed; but, if left untreated, it finally develops into the disabling condition they now find in plaintiff. Dr. Cohen did allergy tests on plaintiff, and found him to react severely to seven samples of house dust, thus establishing definitely the house dust asthma diagnosis. Defendants’ experts also testified, as had Dr. Ziskind, that plaintiff had not been subjected to any chemical burn as a result of the inhalation of the fumes at the plant. The types of substances similar to those probably present in the fumes plaintiff inhaled are described as irritants rather than allergens; the comparison is made of an inhalation of household ammonia, which causes only a brief temporary reaction, from which recovery is rapid and complete.
Defendants’ experts testified positively that any serious condition resulting from inhalation of irritants in large amount would have manifested itself immediately, and that plaintiff’s present condition could not be a delayed reaction.
While plaintiff’s expert considered plaintiff’s present condition could possibly have been caused by his exposure to the industrial fumes, that conclusion was expressly based on plaintiff’s relation to him of a symptom-free history.
Considering all of the evidence, we believe as did the District Judge, that plaintiff has failed to show that his disability was caused by the fume inhalations. We conclude that the clear weight of the evidence shows that plaintiff had house dust asthma prior to those incidents, although he did not recognize and perhaps did not notice the symptoms. The aggravation of the symptoms by the irritants contained in the fumes was only temporary, and the normal progression of his asthma, unaffected by the fumes, is what has caused his present disability.
Accordingly, the judgment of the District Court is affirmed.
Affirmed.